## Benjamin Frankenberg v. The First National Bank of Decatur.

*Bill of exceptions: Stenographer's minutes.* The practice of certifying up the stenographer's minutes of the whole trial bodily as a bill of exceptions is severely criticised.

*Special questions to the jury.* Special questions submitted to be propounded to the jury which are wholly inconclusive should be excluded.

*Check: Over-draft: Evidence: Payment: Notice: Finding of facts.* In an action by a bank to recover the amount of a check drawn upon it by the defendant, and paid by the bank though defendant had no funds on deposit, the claim put forward by defendant that the check grew out of an intended horse trade which was not consummated, and that the bank was notified not to pay it, is fully met and disposed of by the finding of the jury that the check was to be paid even if the horse trade fell through, and that the payment was made before notice not to pay was received.

*Submitted on briefs October 22. Decided November 2.*

Error to Van Buren Circuit.

*Edward Bacon,* for plaintiff in error.

*Newton Foster,* for defendant in error.

MARSTON, J :

If the object of counsel in this case in not preparing a proper bill of exceptions was to mystify and hide the questions intended to be raised, if any, we must say he has succeeded admirably. What purports to be a bill of exceptions · is nothing but a verbatim copy of the stenographer's minutes taken on the trial. We have question and answer throughout, objections on both sides, and exceptions taken, conversations of counsel and court, a great deal of which can have no possible bearing in the case. And this mass of immaterial matter, this bushel of chaff, we are expected to search through to see if we cannot find a single grain of wheat stowed away somewhere. We have in this case a printed bill of exceptions covering thirty-five pages, whereas, if properly prepared by counsel, five pages would have been ample to have enabled them to raise all the material questions presented in the case, and that too in a manner that would have enabled us to pass upon the same. If the stenographer's minutes are to be certified up as the bill of exceptions, it is very evident that in cases which may have occupied one or more weeks in the circuit, we will have

records ponderous in size, at least, but almost wholly value-less for any other purpose. We do not wish to be under-stood as saying that it may not be necessary to sometimes incorporate in the bill of exceptions the entire testimony which it is claimed tends to establish a material fact, and upon which a request was given or refused, but such instances are rare, and we trust we will not again be under the pain-ful necessity of referring to such matters.

There were also in this case twenty questions submitted to the jury upon which they were requested to find specially. Most of these questions seem to be wholly inconclusive, and the circuit judge should not have permitted them to have been submitted to the jury.—*Crane v. Reeder, 25 Mich., 303 ; Sheahan v. Barry, 27 Mich., 217.*

This seems to have been an action brought by the bank to recover the amount of a check drawn by Frankenberg in favor of Chadwick upon the bank and paid by it, although Frankenberg had no funds in the bank at the time the check was drawn and paid. It seems to have been con-tended on the trial that the check grew out of an intended horse trade which was not consummated, and that Frank-enberg notified the bank not to pay the check. The jury, however, found specially that the check was to be paid even if there had been no horse trade, and that the cashier of the bank, before the check was paid, had not received any notice not to pay it. Under such circumstances the bank was entitled to recover. And taking into consideration the manner in which this case is presented, we do not feel justified in seeking any further for supposed errors.

The judgment must be affirmed, with costs.

The other Justices concurred.