## Thomas H. Bottomley v. James H. Goldsmith.

*Promissory notes: Purchaser: Notice that payee deals in liquors: Inquiry: Consideration.* A purchaser of negotiable paper is not put upon inquiry by mere knowledge that the payee is engaged in selling intoxicating liquors, to ascertain whether the consideration of the paper was not the unlawful sale of such liquors.

*Promissory notes: Unlawful sale of liquors: Bona fide purchaser: Burden of proof.* Proof that the consideration of a promissory note upon which suit is brought was the unlawful sale of intoxicating liquors, throws upon the plaintiff the burden of showing that he bought the note in good faith and before it fell due.—*Paton v. Coit, 5 Mich., 505.*

BOTTOMLEY *v.* GOLDSMITH.

*Secondary evidence: Contents of letter: Loss: Prima facie case.* The admission of secondary evidence of the contents of a letter against the objection that the loss of the letter was not sufficiently shown, will not be held error where the evidence of its loss was sufficient to make out a *prima facie* case, and where the party objecting made no cross-examination as to the thoroughness of the search which had been made.

*Promissory notes: Intoxicating liquors: Special questions to jury.* In an action upon a promissory note, where the plaintiff claims to be a *bona fide* holder and the defense set up is that the consideration of the note was the unlawful sale of intoxicating liquors, the failure of the jury to answer the special inquiry, whether the plaintiff, knowing the business of the payees, did not purposely avoid making any inquiries as to the consideration of the note, is of no consequence, as the question was not a material or proper one to put to the jury.

*Special questions to jury: Requiring jury to withdraw.* It is not a valid charge of error that special questions to the jury were put and answered in the court room. It is never necessary to require the jury to withdraw unless they desire it.

*Heard January 18.    Decided January 23.*

Error to St. Clair Circuit.

*Mitchell & Avery* and *F. Whipple,* for plaintiff in error.

*Stevens & Thomas,* for defendant in error.

COOLEY, CH. J:

Goldsmith sued Bottomley on a promissory note dated March 17, 1875, payable sixty days after date to the order of O. B. Cook & Co., and endorsed to him. The defendant gave evidence which showed that the consideration of the note was a sale of liquors in violation of the prohibitory liquor law. This, under the decision in *Paton v. Coit, 5 Mich., 505,* threw upon the plaintiff the burden of showing that he bought the note in good faith and before it fell due. Evidence to this effect was given by him. The plaintiff was also allowed to testify that he had received a letter from defendant, which he had searched for and could not find, in which defendant promised him to pay the note as soon as he could dispose of lumber. This evidence was objected to on the ground that the loss of the letter was not sufficiently shown.

Regarding the loss of the letter the plaintiff was not cross-examined, and we cannot say he did not make out a

*prima facie* case. Defendant should have pursued the inquiry, if he doubted the thoroughness of the search which had been made.

The defendant gave evidence that O. B. Cook & Co. had a liquor store in Detroit; that Goldsmith resided in that city and knew what their business was, and did not know of their having any further business. On this evidence the judge was asked to charge the jury, that the plaintiff was put upon inquiry regarding the consideration of the note, and failing to make inquiry, he must be held as having knowledge of such facts as by inquiry he might have learned. This instruction the judge refused. A question was also put to the jury as follows: "Did not Goldsmith, knowing the nature of Cook & Co.'s business, purposely avoid making any inquiries as to the consideration of the note?" This question was not answered.

We think the judge was justified in refusing the instruction prayed. Where parties put their negotiable paper in circulation it would be singular if they might rely upon the business of the payee as constituting a *prima facie* defense to it in the hands of third persons. If the business of the payee could be held *prima facie* notice of something wrong in the paper, so might the character of the payee be, and one setting up the defense of fraud in the inception of the note might impute bad faith to the indorsee, because, knowing that the payee was not a man of good reputation, he did not go to the maker to ascertain that the paper was not disputed. Such a doctrine would render the law of negotiable paper too unsafe for any reliance whatever. We cannot imply notice on such slender grounds. This view would dispose of the question raised on the neglect of the jury to answer the question above stated. But the question itself was improper under our previous rulings.—*Fowler v. Hoffman, 31 Mich., 215; Harbaugh v. Cicott, 33 Mich., 241; Frankenberg v. National Bank, 33 Mich., 46.*

It is objected that the questions to the jury were put

and answered in the court room, but we know of no ground for holding this invalid.    It is never necessary to require the jury to withdraw unless they desire it.

The judgment must be affirmed, with costs.

The other Justices concurred.