TOWNSHIP OF GRANT *v.* TOWNSHIP OF RENO.

1. DIVISION OF TOWNSHIP—BONDED INDEBTEDNESS—SUIT FOR CONTRIBUTION—CONCLUSIVENESS OF JUDGMENT.

A judgment against a township upon plank-road aid bonds, void save in the hands of a *bona fide* holder, is not conclusive of the township's right to recover in a suit to compel contribution to the payment of the judgment from another township organized from the territory of the former after the bonds were issued, where the township sought to be held was given no opportunity of participating in the defense in the action upon the bonds, but complainant must establish the good faith of the judgment plaintiff's holding.

2. SAME — GOOD - FAITH PURCHASER — ADMISSIONS OF COUNSEL — EVIDENCE.

An admission by counsel at the hearing that the judgment plaintiff became the owner of the bonds through one who had "purchased" them from a specified person does not meet the requirement that complainant must show that the bonds were at some time held by one who had purchased them in good faith before maturity, for a valuable consideration, and without notice of their invalidity.

Appeal from Iosco; Simpson, J.  Submitted June 15, 1897.  Decided July 16, 1897.

Bill by the township of Grant against the township of Reno for contribution to the payment of a judgment against the complainant township.  From a decree for complainant, defendant appeals.  Reversed.

*Barbour & Rexford*, for complainant.

*O. E. M'Cutcheon*, for defendant.

HOOKER, J. The bill filed in this cause was held sufficient in 107 Mich. 409, on demurrer. The cause has since been heard on pleadings and proofs, and is again before us upon appeal by the defendant from a decree in favor of the complainant. The nature of the complainant's claim will be understood by a perusal of the statement of facts and opinion cited, and it is unnecessary to repeat in detail the facts alleged. In brief, a statement of complainant's claim may be said to be that, in 1869, the township of Grant, as then constituted, issued some plank-road aid bonds, which, though void under the law, as interpreted by this court, were valid in the hands of innocent holders for value, under the rule recognized by the federal courts; that subsequently the township of Reno was organized from territory detached from the township of Grant, and that, although the township boards met, and it was agreed that Reno should pay its proportion of these bonds, it neglected and refused to reimburse Grant for the payment of such proportion, after judgment rendered against Grant in favor of one Haugan.

The bonds upon which the judgment against the township of Grant, to which Reno is asked to contribute, was based, are admitted to have been void in the hands of the payee. To entitle Haugan to a judgment against the township of Grant, it was necessary that he should show that he or some former owner of the bonds was a purchaser in good faith before maturity, for a valuable consideration, and without notice of the invalidity of the bonds, as the law imposes the burden of such showing upon the plaintiff where the defendant shows that the bond or note was illegal or void in the hands of the payee. *Paton* v. *Coit*, 5 Mich. 505 (72 Am. Dec. 58); *Bottomley* v. *Goldsmith*, 36 Mich. 27; *Conley* v. *Winsor*, 41 Mich. 253; *Mace* v. *Kennedy*, 68 Mich. 389; *Manistee Nat. Bank* v. *Seymour*, 64 Mich. 59; *Lytle* v.

*Lansing*, 147 U. S. 59.   Whether this was shown in the case against Grant, we need not inquire, but it must be shown in this case, unless it can be said that the judgment against Grant is conclusive of the question, against Reno.   It is contended that such is the case, and the former opinion in this cause is relied upon as authority for the contention.   We have not had the merits of this controversy before us until now.   Upon demurrer it was intimated that such judgment might be conclusive upon the township of Reno under the circumstances stated in the bill demurred to, which asserted that Reno *participated in the defense* of the cause.   *This record* shows that Reno *did not participate* in such defense, and there is nothing to show that it had an opportunity of doing so, or even knew of the pendency of the action.   If Grant (which made no defense to the action) saw fit not to contest this matter, or to allow Reno to do so, the effect would be, under this contention, to place Reno at the mercy of Grant, and deny it its day in court; and we think we do not go too far in saying that, under the facts shown, the burden of establishing the *bona fides* of Haugan's holding of these bonds was upon the complainant in this suit.   This seems to have been understood by counsel, who offered some testimony upon that point.   Counsel's brief, in treating this subject, says that, if the judgment is not conclusive of this question, there is further proof of the fact, and says:

"It appears that the respective counsel made certain admissions for the purposes of the hearing; that complainant's counsel, for defendant's benefit, admitted that Haugan became the owner of the bonds some time about the year 1873 (after the decision in the *Salem Case*, [May 26, 1870] 20 Mich. 452), through George W. Todd, who, on January 22, 1870, purchased them from Alvin Wilkins. This admission was accepted in silence as a fact in the case, and in our statement of facts we have treated it as such."

It will be noticed that there is no showing that these bonds were ever purchased by one who had no notice of

their invalidity, and that there is no evidence that value was paid for them, unless it is to be inferred from the use of the word "purchased." This testimony falls short of the requirements of the law, and we have no alternative but to reverse the decree of the circuit court, and dismiss the bill. It is so ordered, defendant to recover costs of both courts.

The other Justices concurred.