BEATH *v.* CHAPOTON.

PROMISSORY NOTES — CONSIDERATION — INDORSEMENT — FRAUD—
BONA FIDE HOLDER—BURDEN OF PROOF—INSTRUCTIONS—HARM-
LESS ERROR.

*1. Plaintiff charged C. with embezzlement, which C. ad-
mitted. A settlement was made fixing the amount, for
which C. was to give his promissory notes. He gave one
indorsed by W. W. defended upon the ground that C. ob-
tained his indorsement by fraud, of which plaintiff had, or
should have had, knowledge. It was not error to instruct
the jury that the *onus* was upon the defendants to establish
the fraud.

2. The court correctly and fairly instructed the jury as to
what would constitute plaintiff a *bona fide* holder. The fail-
ure to instruct the jury as to the *onus probandi* was not error,
in the absence of a request to so instruct them.

3. The *onus* rested upon the defendants to show that the de-
falcation was less than the amount agreed upon. The
defendants having failed to show how much less it was, the
instruction that, the execution of the note being admitted,
the burden of proof was upon the defendants to show want of
consideration, was harmless error.

Error to Wayne; Carpenter, J. Submitted June 7,
1900. Decided June 26, 1900.

*Assumpsit* by Thomas Beath against Louis C. Chapoton
and Lewis C. Watson upon a promissory note. From a
judgment for plaintiff, defendants bring error. Affirmed.

*John Considine, Jr.,* for appellant Chapoton.

*Alfred Lucking,* for appellant Watson.

*Walter Barlow,* for appellee.

GRANT, J. The facts of this case are substantially the
same as when the case was in this court before. 115

---

*Head notes by GRANT, J.

Mich. 506 (73 N. W. 806, 69 Am. St. Rep. 589). The learned circuit judge carefully submitted the case to the jury in accordance with that opinion. It is now, however, claimed that the court erred in instructing the jury: "The execution of the note is admitted. That establishes a *prima facie* case, and the plaintiff is entitled to your verdict for the amount of that note, unless the defendants satisfy you that the note was given without consideration." Also: "So, I charge you that the burden of proof rests upon the defendants in this case to satisfy you respecting their defense, both as to consideration and as to fraud." Counsel insist that this is contrary to the rules approved by this court in *Manistee Nat. Bank* v. *Seymour*, 64 Mich. 59, 74 (31 N. W. 140); *Township of Grant* v. *Township of Reno*, 114 Mich. 41 ( 72 N. W. 18 ), and cases there cited. The above are isolated excerpts from the general charge. It does not appear that the attention of the court was called to the points now raised.

1. Upon the question of consideration, the court further instructed the jury:

"Was the note given without consideration? Now, I charge you that if the defendant Chapoton was behind in his accounts with the plaintiff, and if upon a talk with the plaintiff on the 1st of January, 1894, it was agreed between them that the amount of that arrearage was $2,700, and upon this basis a settlement was made between them, that made a sufficient consideration."

The language complained of as to consideration was an erroneous statement of the law applied to a proper case. The language above quoted fairly and correctly stated the question for the jury to decide. Chapoton denied that he had embezzled any of plaintiff's money, but admitted that he "had given away goods as little presents from time to time." How much this amounted to he does not state. He admitted the settlement made with the plaintiff, in which it was agreed that $2,700 was the amount of his defalcation or misappropriation. He gave no evidence to show that it was less. The *onus* was upon defendants

to show that this was not the correct amount. Where a settlement has been made, he who attacks it has the burden of proof. The statement of Chapoton that he agreed to this amount, and gave these notes to avoid a charge of embezzlement, when in fact he had done no wrong, is not credible, especially in view of the fact that he confessed that he had been guilty, not long after his settlement with plaintiff, of the crime of forgery as well as other crimes, and that he had deliberately lied to Watson in regard to the consideration for these notes. Under these circumstances, I do not think that the charge complained of was prejudicial error.

2. The court correctly instructed the jury that the *onus* was upon the defendants to show fraud. The fraud practiced upon Watson is clearly proved; for both Watson and Chapoton testified to it, and there was no testimony to the contrary. The court instructed the jury:

"Did Mr. Beath direct Mr. Chapoton to practice fraud in procuring this signature? Did he know that fraud was practiced in procuring it? If he did, then he is not a *bona fide* holder of this paper, and he cannot recover upon it as against Mr. Watson. If, on the other hand, he was ignorant that any fraud had been practiced, he is a *bona fide* holder of it, and can recover against Mr. Watson, provided there was a consideration, as I have already indicated. In this connection, more to emphasize the different phases of this question of fraud than anything else, I read to you the requests of counsel that have apparently been approved by the Supreme Court. *First*, defendants' request: 'It is claimed that Mr. Watson was induced to sign the note by fraudulent misrepresentations. If you find that plaintiff knew of such misrepresentations, or had sufficient knowledge to put him on inquiry as to whether Mr. Watson had been induced to sign by some fraud, then plaintiff cannot recover.' 'It is not necessary that Mr. Beath should have known exactly the fraudulent representations made by Mr. Chapoton in order to get Mr. Watson to indorse the note, if he (Beath) had sufficient knowledge to put him on inquiry, so that he could have found out that Mr. Watson had been so induced by fraudulent representations; and plaintiff cannot recover if Mr.

Beath knew, or had reason to believe, that Chapoton was practicing some deceit on Mr. Watson in order to get him to indorse.' "

The question was thus fairly left to the jury to determine whether plaintiff was a *bona fide* holder.   If defendants desired any instructions as to the *onus probandi*, they should have requested it.   This question of the burden of proof is often unduly magnified, and, unless the attention of the court is called to it, judgment should not be reversed because the judge failed to instruct the jury where the burden rests.

Judgment affirmed.

The other Justices concurred.