# OCTOBER TERM, 1858, AT DETROIT.

### Alexander Paton vs. Augustus B. Coit and Another.

Whenever the consideration of negotiable paper is illegal between the original par-
ties, especially if in violation of a positive prohibition of statute, proof of such
illegality throws upon the holder the burden of proving that he got it *bona fide*,
and gave value for it.

Where action is brought by an assignee upon negotiable paper, and defendant shows
that the same was given for intoxicating liquors sold in violation of the Pro-
hibitory Liquor Law, which makes such paper "utterly null and void against
all persons, and in all cases, excepting only as against the holders," "who may
have paid therefor a fair price, and received the same upon a valuable and
fair consideration, without notice or knowledge of such illegal consideration"—
such showing by defendant makes out a *prima facie* defense, and the burden of
proof is thereby cast upon plaintiff, to show those facts which will bring him
within this exception of the statute.

*Heard July 12th.    Decided October 9th.*

Error to Wayne Circuit.

The action was assumpsit by defendants in error against
plaintiff in error, upon the acceptance by the latter of a
draft drawn upon him by Hildebrand & Co., of Cleveland,
Ohio, dated March 30th, 1857, payable to the order of C.
& A. Ives, and by them endorsed.

The defendant pleaded the general issue.

On the trial, the acceptance having been given in evi-
dence, the plaintiff rested.

The defendant then introduced a witness, and being re-
quired to state what he expected to prove by such witness,
stated that he expected to prove that such acceptance was
given in payment and as security for ten barrels of intoxi-
cating liquor, called whisky, purchased by defendant on the
30th day of March, 1857, in Detroit, of the drawers of said
draft.

The plaintiffs objected to such evidence, upon the ground that under the exception in section two of the Prohibitory Liquor Law of 1855, the presumption was that said draft was in the hands of *bona fide* holders, to wit, the plaintiffs; and that the *onus* was on the defendant to show, or propose to show, notice before said testimony could be received. The Court sustained the objection, and refused to allow the testimony to be given; and defendant excepted.

Judgment having been rendered for plaintiffs below, for the amount of the acceptance, the defendant brought the case to this Court by writ of error.

*Howard, Bishop & Holbrook*, for plaintiff in error:

The evidence offered was relevant, and sufficient to have defeated the plaintiff *if no further testimony had been adduced on the part of the plaintiff:* the presumption raised by it was a question, under the charge of the Court, for the jury to determine as to its weight and effect. — 5 *Duer*, 574; 10 *Ala.* 355; 8 *Conn.* 523; 3 *Maine*, 367; 2 *McLean*, 600.

When defendant shows the consideration of the draft to be *illegal*, the plaintiff is then bound to show himself to be a *bona fide* holder without notice. — *Vallett vs. Parker*, 6 *Wend.* 615; *Bailey vs. Bidwell*, 13 *M. & W.* 73; *Holme vs. Karsper*, 5 *Binn.* 469; *Snyder vs. Riley*, 6 *Pa. S. R.* 164; *Aldrich vs. Warren*, 16 *Maine*, 465.

*Walkers & Russell*, for defendants in error:

The presumption of law was that the plaintiffs received the acceptance before maturity; and the burden was upon the defendant to prove the reverse, or to show actual notice. — 4 *Cush.* 559; 14 *Ill.* 51; *Ewing vs. Sills*, 1 *Ind.* 125; 19 *Barb.* 147; 6 *Md.* 319; 5 *Ind.* 22; 4 *A. & E.* 838; 8 *Wend.* 600; 8 *N. H.* 334; 19 *Maine*, 232; 1 *Metc.* 369; 17 *Vt.* 299; 32 *Maine*, 587; 26 *Ala.* 730; 1 *Bing. N. C.* 229.

The effect of the Act to prevent the sale of liquors, in

respect to negotiable paper, is merely to render such paper without consideration as between the immediate parties.

The effect of the exception in section two is simply to put this statutory equity on a footing with all other equities; *i. e.* to make it incapable to be shown as against *bona fide* holders.

CHRISTIANCY J.:

Whether the evidence in this case was properly rejected, does not depend upon the question, Whether, standing alone, it would have constituted a complete defense against the draft in the hands of a *bona fide* holder for value; but, Whether it would have been sufficient to throw upon the plaintiff the burden of proving himself to be such *bona fide* holder; or, Whether, in fact, the evidence tended, *prima facie*, to establish a defense.

It is assumed by the counsel for the defendants in error (plaintiffs below), that the only effect of the statute in reference to negotiable paper given for liquors sold, "is to render such paper without consideration as between the immediate parties," and that "the effect of the exception in section two is simply to put this statute *equity* on a footing with all other equities" between the original parties to negotiable paper.

If this be the only effect of the statute, then, according to the prevailing current of recent decisions, the evidence was properly rejected, though the cases upon this ⌐point are by no means uniform; and we do not wish to be understood as giving any opinion upon the question presented by this hypothesis, as we do not think it involved in the present case.

The defense here proposed was not merely the *want*, but the *illegality* of consideration; and this, being allowed as a defense between the original parties, irrespective of, and even contrary to the equities of the parties, can not, without perversion of language, be called an equity. It is not on the defendants' account that such a defense is allowed, as will more fully appear in the sequel.

The effect of the statute in question is not merely to render such paper without consideration, but absolutely *void and illegal*, between the immediate parties, and all others who have not obtained it for value, and without notice—not only void in the negative sense of having no legal basis, but affirmatively illegal as violating the positive provisions of the statute. It was not even contended that the facts offered to be shown by the defendant would not have made a *prima facie* case of an illegal sale, without showing that the sale did not come within any of the exceptions of the statute; and if the plaintiffs claimed to maintain the validity of the sale under any such exception, the burden of proof (this being a civil case) rested upon them to bring it within the exception.

Now, upon principle, as a question of statute construction, and without reference to any authority, when the statute expressly declares all such paper void and illegal, and forbids any action to be brought or maintained upon it, "except when brought by a *bona fide* holder who has received the same upon a valuable and fair consideration without notice or knowledge," &c., it would seem to follow as a logical necessity, that when the paper is shown to have been given for such illegal consideration, the plaintiff's right of recovery is cut off by the general prohibition of the statute, unless, in avoidance of this, he gives evidence of those facts which alone can bring him within the exception.

We do not propose to give a definite opinion upon the point, whether, the illegality being first shown, the burden of proof in this case would have rested upon the plaintiffs to show actual want of notice : this might be requiring actual proof of a negative. But we are inclined to the opinion that they should have shown the nature of the transaction accompanying the transfer; and if that disclosed no suspicion of such notice, it might make a *prima facie* case of want of notice, and throw upon the defendant the burden of proving notice. But the *amount* of the *consideration* given by the

plaintiff is distinct from the question of notice, and the absence of such consideration, in such a case, would be a defense, though the paper had been taken by the plaintiff *without notice.* The amount of consideration given by the plaintiff is an affirmative fact peculiarly within his own knowledge, and not generally in that of the defendant, and being necessary to bring the plaintiff's case within the exception of the statute, should be proved by him. To allow him to recover without such proof, would be an evasion of the statute. Such proof (the illegality being first shown) is a necessary part of the plaintiff's case, without which he shows no *prima facie* right to recover; and though, in ordinary cases, this fact would be presumed in favor of the holder, this presumption can never be allowed without proof, when the paper was absolutely void between the original parties, on the ground of fraud, illegality, or duress.

This construction of the statute is sustained by authority. In England, by the statute of Anne, a note or bill given or endorsed upon a usurious consideration, was void, even in the hands of a *bona fide* holder for value (*Chit. on Bills*, 9 *Am. Ed.* 110); but the statute, 58 *Geo. III. Chap.* 93, made such note valid in the hands of a *bona fide* holder for value without notice. In the case of *Wyat vs. Campbell*, 1 *M. & M.* 80, where the note had been endorsed by a previous endorser upon a usurious consideration, and no notice given to plaintiff to prove consideration, it was contended that the plaintiff was not bound to prove it. But, by Lord Tenterden Ch. J.—"The statute, 58 *Geo. III. Chap.* 93, makes a note tainted with usury valid in the hands of a *bona fide* holder; the *onus* is therefore upon the holder to prove he is such: otherwise the statute does not apply, and the note is void under the statute of Anne."

In that case, it is true, the exception was in a subsequent statute; here it is in the same statute; but we are unable to perceive how this can make any difference as to the burden of proof. If the fact was not to be presumed in that case, it can not be in this.

But whether this conclusion be right or wrong, as depending purely upon a question of statute construction, can make little difference in this case. The rule as to the burden of proof is the same upon principle and authority at common law. Whenever the consideration of the paper between the original parties has been illegal, especially if in violation of a positive prohibition of statute, proof of such illegality throws upon the holder the burden of proving that he got it *bona fide*, and gave value for it.—*Northam vs. Latouche,* 4 *C. & P.* 140; *Bailey vs. Bidwell,* 13 *M. & W.* 73; *Harvey vs. Towers,* 6 *Exch.* 656; *Smith vs. Brain,* 20 *Q. B.* 201; *Fitch vs. Jones,* 32 *Eng. L. & Eq.* 134; *Vallett vs. Parker,* 6 *Wend.* 615; *Edw. on Bills,* 686, 687; *Chit. on Bills,* 11*th Am. Ed.* 661, 662; *Story on Bills,* § 193.

The case of *Bailey vs. Bidwell* is directly in point; and Parke B. gives a very satisfactory reason why the fact in question is not to be presumed for the plaintiff. "If," he says, "the note were proved to have been obtained by fraud, or affected by illegality, that afforded a presumption that the person who had been guilty of the illegality would dispose of it, and would place it in the hands of another person to sue upon it." The subsequent case of *Fitch vs. Jones,* above cited, shows that in such case the original payee is still presumed to be the owner, and that the plaintiff sues for his benefit; and it is to overcome this presumption that the plaintiff is required to prove himself a *bona fide* holder for value.

The rule is the same as to the burden of proof, where it is shown that the paper was obtained by fraud or duress, and when stolen, or put in circulation by fraud. See authorities above cited, and *Millis vs. Barber,* 1 *M. & W.* 425; *Holme vs. Karsper,* 5 *Binn.* 469; *Aldrich vs. Warren,* 16 *Maine,* 465; *N. Y. & Va. State Stock Bank vs. Gibson,* 5 *Duer,* 574. In fact, many of the cases, and most of the elementary works, place illegality in the same category with fraud or duress, as casting the burden of proof upon the holder.

But while the result is the same, it is manifest that the basis of the rule in the case of illegality, though equally solid, is quite different. In the case of duress and fraud, as well as where the paper has been stolen, the *equities* of the defendant constitute the *basis* of the rule. But in the case of illegality of consideration, both parties are generally equally in fault; and it is not to protect the equities of the defendant, but on broad grounds of public policy—to uphold the law, and to discourage its violation or evasion—that the burden of proof is cast upon the plaintiff. It is as much the duty of courts to discourage the violation or evasion of law as to protect the equities of parties. And it is upon this principle only that the naked defense of illegality is allowed. —See opinion of Lord Mansfield in *Holman vs. Johnson*, *Cowp.* 343. And upon this principle, courts should be careful to avoid doing anything to facilitate the enforcement of such contracts, unless it appear affirmatively that the plaintiff is not in fault, and that he has real equities to be protected.

The evidence offered was improperly rejected. The judgment must be reversed, and a new trial granted.

All the Justices concurred.