SYLVESTER FREDENBURG, ADM'R OF BENJAMIN ATWOOD, v. JESSE W. TURNER ET AL.

*Promise to pay in Labor and Material—Interest—Costs.*

A promise to pay in sawing *and* lumber will be apportioned equally if the parties cannot agree and neither has the right to fix the proportion.

Where a promise is made to pay in labor and material in annual payments, interest does not begin to run until the year is completed in which any given payment is to be made, and the debtor is in default.

Part payment of a debt was to be made in so much sawing annually. *Held*, that the payee was in default if he did not produce his lumber to be sawed during the year, and that he could not recover.

A decree in favor of complainant being modified in favor of appellant, costs of the court below were awarded to complainant, but appellant recovered costs of the Supreme Court to be offset against complainant's costs.

Appeal from Kalamazoo.    Submitted June 14.    Decided October 23.

FORECLOSURE.    The facts are in the opinion.

*Edwards & Sherwood* for complainant. Default in making tender according to the terms of a chattel note binds the debtor to pay money. *Mitchell v. Gregory,* 1 Bibb, 452; *Shrewsberry v. Buckleys,* 4 Bibb, 260: *Thomas v. Roosa,* 7 Johns., 461; *Perry v. Smith,* 22 Vt., 301. If tender is not made when the note falls due, no demand is necessary before bringing suit. *Hamilton v. Eller,* 11 Ired., 276; *Sorrell v. Craig,* 8 Ala., 566; *Grieve v. Annin,* 1 Halst., 461. Complete tender of chattels due on a chattel note vests title in the creditor, but the chattels must be separated and the amount ascertained, set apart and designated so that the creditor may distinguish them from all others. *Aldrich v. Albee,* 1 Greenl., 123; *Mingus v. Pritchet,* 3 Dev., 78; *Tiernan v. Napier,* 5 Yerg., 410; *Savary v. Goe,* 3 Wash. C. C., 140; *Duckham v. Smith,* 5 Mon., 372; *Sweet v. Harding,* 19 Vt., 587; *Smith v. Loomis,* 7 Conn., 110; *Newton v. Galbraith,* 5 Johns., 119; *Barns v. Graham,* 4 Cow., 452; *McJilton v. Smizer,* 18 Mo., 111; *Schrader v. Wolflin,* 21 Ind., 238; *Games v. Manning,* 2 Greene (Ia.), 251. If one who owes a certain sum payable in sawing and lumber does not elect how much he will pay in sawing, and notify his creditor in time to enable the latter to furnish his lumber in time to be sawed by the time payment is due, the debtor waives his right to pay in sawing, and must tender lumber or pay in money. *Layton v. Pearce,* 1 Doug., 16; *Disborough v. Neilson,* 3 Johns., Cas., 81; *M'Nitt v. Clark,* 7 Johns., 465.

*Severens, Boudeman & Turner* (on brief) for defendants. A promissee to be paid in labor and material must give notice of his election of the proportions of each before he can put the promissor in default. *Clement v. Clement,* 8 N. H., 210; *Goodwin v. Holbrook,* 4 Wend., 377; *Savage Manuf. Co. v. Armstrong,* 19 Me., 147.

MARSTON, J.   This is a suit in chancery for the foreclosure of a mortgage.

Atwood, who was the owner of certain real estate, with a saw-mill situate thereon, entered into a written agreement

with Jesse W. Turner upon the 18th day of July 1866,. whereby he agreed to sell and convey the same by a good and sufficient warranty deed so soon as a survey of the same could be made. In consideration thereof Turner agreed to pay "the sum of eight thousand dollars as follows, to-wit: four thousand dollars at date, and the balance in four equal annual payments, with interest annually, to be paid in sawing and lumber, at the mill on said premises, at market price for same."

The property was afterwards conveyed and upon the 26th day of July, 1866, a mortgage in the usual form given to secure payment of a note of which the following is a copy:

"$4,000.        KALAMAZOO, Mich., July 26, 1866.

For value received we promise to pay to Benjamin Atwood, or bearer, four thousand dollars in sawing and lumber, at the saw-mill this day bought of him, on sec. 11, town 4 south of range 9 west, as follows, to-wit: in four equal annual payments from and after the date hereof, or before, with interest annually on all sums unpaid. This note secured by mortgage which is duly stamped.

J. W. TURNER,<br>SALLY TURNER."

The parties are not agreed as to the correct construction. of this instrument. Complainant claims that the note and mortgage having been made payable in equal annual instalments, in sawing and lumber at the mill, the instalments severally fell due on the 26th day of July in each year, and that it was the duty of the mortgagor to elect whether he would pay in sawing or lumber, or if in both the proportionate amount of each, and to be prepared as each instalment became due, at the proper place, with the goods specially set apart and designated to deliver to the creditor, which would vest the title thereto in the creditor even although he did not attend to receive them.

It is somewhat difficult to adopt and follow any arbitrary rule in the construction of such instruments. Slight changes in the phraseology of the instrument will necessitate a modification of the general rule applicable to chattel

notes, in order to effectually carry out the evident intention of the parties, and to give effect to the entire instrument. A note or an instalment payable in sawing, no matter whether it is expressed to be due or payable on a day certain or not, very evidently cannot be paid or a tender made, or any thing set apart or designated, upon that day, where from all the circumstances it is apparent that the sawing could not possibly be done at such time. In such case there is no definite specific article capable of being set apart or designated. The evident intention is that previous to such date logs will be furnished which the other party will saw or manufacture into lumber, and if he is ready and willing to manufacture such logs into lumber, but the same are not furnished at the mill by the mortgagee in sufficient quantities and in time to enable the mortgagor, taking into consideration the capacity of his mill, and his obligations with others, to have them manufactured by the time fixed, clearly the default in such case would not be that of the mortgagor but of the mortgagee.

What then is the proper construction of this instrument? The promise is to pay four thousand dollars in sawing and lumber at the mill, in four equal annual payments from the date thereof or before, with interest annually on all sums unpaid. The promise is not to pay in lumber *or* sawing at the option of either party, nor is any thing in the instrument itself, or in the record, to enable us to ascertain or determine the proportion to be paid in sawing, or the kind, quantity or quality of lumber that was to be delivered. It was evidently the understanding of the parties that the mortgagee should deliver at the mill logs to be manufactured into lumber, although the quantity to be delivered each year was not mentioned. The logs so to be delivered were to be manufactured from time to time each year, and if sufficient were not delivered and cut each year to pay the instalment falling due that year, the balance was to be paid in merchantable lumber at market prices, at all events by the 26th of July. And where as in a case like the present the note is payable in sawing *and* lumber and the parties cannot agree upon the proportion of each,

neither party having the right to determine the amount, the law will apportion it equally, requiring one-half the amount to be paid in sawing and the balance in lumber.

Another question arises upon the construction of this instrument. The principal is to be paid in four equal annual payments from the date thereof, or before, with interest annually on all sums unpaid. As it was clearly contemplated that each several instalment would, in part if not fully, be paid in sawing and lumber during the year before it became due, we are of opinion that at least so long as the mortgagor was not in default such instalment would not draw interest. The parties did not intend that an instalment should continue to draw interest after it had been extinguished by payment. The sawing of logs or delivery of lumber would be a payment *pro tanto,* and if such payments were equally distributed over the entire year the instalment would thus in part be paid long before it became due. *Wilcox v. Allen,* 36 Mich., 160.

Having thus given our view of the proper construction of the instrument, the conclusion we deduce from the facts is:

That so far as the mortgage debt was payable in sawing, complainant has lost his right to payment by failure to call for the labor at the time specified.

That as to the remainder he is entitled to payment according to the terms of the mortgage, and should have decree of foreclosure therefore in default of payment within a reasonable time to be named.

And that complainant should recover costs of the court below, but the appellants should have the costs of this court, to be offset against the costs of complainant.

And the decree should be modified in accordance with these views.

The other Justices concurred.