CAROLINE E. BOARDMAN and Another v. FREDERICK HOWARD and Another.[1]

July 17, 1903.

Nos. 13,507—(160).

**Lease—Loss by Fire.**

Under a lease, by the terms of which the tenant is required to return the premises in as good condition as received, except where damaged by fire, etc., this condition, which relates to the building, forbids the tenant to leave thereon his own distinguishable property, which had been injured and made worthless by a fire, where the tenancy had been terminated by agreement of the parties.

Appeal by defendants from an order of the district court for Ramsey county, O. B. Lewis, J., denying a motion for a new trial. Affirmed.

*Stevens, O'Brien & Albrecht,* for appellants.

*Henry C. James,* for respondents.

LOVELY, J.

This is an action to recover unpaid rent; also, for expenses of the landlord incurred in removing property damaged by fire and left on the premises by the tenant after surrendering the same. The cause was tried to the court, who made findings of fact, and held as a conclusion of law that plaintiffs were entitled to recover a portion of one month's rent; also, a specific sum for expenses incurred by the landlord in taking away injured goods of defendants after they had quit. This appeal is from an order denying a new trial.

The following facts are embraced in the findings of the court and are supported by the evidence: Plaintiffs leased a building in the

[1]Reported in 96 N. W. 84.

90 M.—18

city of St. Paul to defendants for three years from January 1, 1901, at a stipulated monthly rental. The tenants took possession, and occupied it for the storage and sale of household furniture. On November 19 following, the premises became untenantable by reason of a fire occurring without fault of either party. On the succeeding December 1, plaintiffs entered without opposition by defendants, and engaged in repairs to make the place serviceable for reoccupation. During the month, defendants were permitted to take out their damaged property, and continued to do so until the first of the next January, when they informed plaintiffs that they had entirely removed therefrom and surrendered the premises. After the building was given up by the tenants, there still remained therein a large quantity of injured furniture and rubbish of no value, but distinguishable as having been a part of defendants' stock. This worthless material was removed by the plaintiffs at their own expense, to facilitate repairs and their future use of the premises. The court found the reasonable amount of this expense, and that defendants were liable therefor.

By the terms of the written lease it was provided that upon its expiration, or when terminated by forfeiture or otherwise, the tenants would yield up the premises in as good condition as when the same were entered, "loss by fire, inevitable accident, or ordinary wear excepted." There are other provisions in the lease relative to the surrender of the premises upon notice, as well as for the removal of offal and garbage, which were discussed on the argument; but under the view we have adopted these portions of the rental contract do not affect the result, and need not be considered.

There is no controversy over the amount found to be due as unpaid rent for a part of the month of November, but it is insisted that, after defendants had removed the portion of their stock which they took away in December, they might without breach of duty allow a considerable portion to remain upon the surrender of the building. A reasonable construction of the facts found by the trial court authorizes the view that the relations between the landlord and tenants were actually terminated by agreement on December 1, when the landlord, desiring to take possession of his property to make repairs, entered on that day, and that the tenants were licensed by the landlord thereafter to be there for the purpose of taking away their property, and

continued to do so until it became apparent that the débris and rubbish resulting from the partial destruction of the injured furniture which had been their property was valueless, when they ceased to remove it, but left it in the building, thus imposing upon the landlord this burden.

We have no doubt that the provision in the lease for the surrender of the premises by the tenants in as good condition as when received applies to the building itself. The exception relating to injury of the building by fire, while it would excuse the tenants from repairing or rebuilding, would not justify them in imposing burdens upon the landlord arising strictly from the tenants' occupancy and use of the premises; hence the injury by fire to the goods of defendants was a misfortune they had to assume themselves. A part of this was the injury to the furniture still belonging to them, and which, under the terms of the lease as well as upon reasonable considerations of justice, it was their duty, rather than the landlord's, to remove. It would follow that the tenants, under the privilege to take away their goods, could not enjoy it so far as beneficial, and leave a part of their damaged property in the building to incumber plaintiffs' possession, and the expenses incurred by the landlord in removing the rubbish which defendants left and declined to take away was a legal obligation against them.

Order affirmed.