PACKARD MOTOR CAR COMPANY OF NEW YORK, Appellant, v. AMERICAN BALSA WOOD CORPORATION, Respondent.

(Argued October 24, 1929; decided November 19, 1929.)

*Lowen E. Ginn* for appellant. The complaint states a cause of action. By defendant's refusal and failure to remove its great mass of debris it was so occupying the premises, and was thereby preventing the landlords to enter to repair. (*Desplaines Safety Depsoit Co.* v. *Lucas,* 177 Ill. App. 653; *Black* v. *Woodrow,* 39 Md. 194.)

*James Adam Murphy* for respondent. Plaintiff cannot recover for the removal of debris. (*Doupe* v. *Genin,* 45 N. Y. 119; *U. S.* v. *Bostwick,* 94 U. S. 53; *Earle* v. *Arbogast,* 180 Penn. St. 409; *Ayer* v. *Bonwit,* 161 App. Div. 122; *Hartley* v. *Garnham,* 119 Misc. Rep. 499; *507 Madison Ave.* v. *Martin,* 114 Misc. Rep. 315; *Orr* v. *Doubleday, Page & Co.,* 223 N. Y. 334; *Sawyer* v. *Adams,* 140 App. Div. 756; *Witty* v. *Matthews,* 52 N. Y. 512; *Dazian* v. *Ittelson,* 76 Misc. Rep. 228; *Kip* v. *Merwin,* 52 N. Y. 542; *Fleischmann* v. *Toplitz,* 134 N. Y. 349.)

POUND, J. The complaint alleges in substance that defendant subleased from the plaintiff certain premises for the storage of balsa wood; that on October 8, 1925, a fire rendered the premises untenantable; that the balsa wood

stored therein was so burned as to leave a large mass of debris without removal of which the necessary repairs to the premises could not be made; that pursuant to the terms of the lease and the sublease the owner and lessor of the premises decided to repair the damage caused by the fire and that such repairs could not be made without removing the debris; that plaintiff and defendant were required to remove the same; that plaintiff requested defendant to remove the debris and it neglected and refused to do so; that because defendant refused to remove the debris, plaintiff was obliged to remove it at an expense of $1,995.40, for which judgment is demanded, and was further damaged by loss of rent.

The terms of the lease referred to provide that the lessor, in case of partial damage of the premises by fire rendering the premises untenantable, shall repair the building, rent to cease until it is put in complete repair.

The answer in substance asserts that defendant was under no obligation to remove the debris.

Plaintiff and defendant both moved for judgment on the pleadings. The Special Term granted plaintiff's motion and denied defendant's motion. The Appellate Division reversed the order granting plaintiff's motion and denied the motion and reversed the order denying defendant's motion and granted the motion.

The only question is whether the complaint states facts sufficient to constitute a cause of action. The answer depends upon the duty assumed by the subtenant implied in law from the terms of the lease and sublease.

In *Fleischman* v. *Toplitz* (134 N. Y. 349) it was held that, under the statute (L. 1860, ch. 345), upon the destruction by fire of a building occupied by a tenant, the relation between a tenant and his landlord is dissolved, unless the tenant elects to continue, and that, in the absence of such an election, the tenant is under no obligation to remove the bodies of horses burned to death in the fire from the premises. " The damage to the real

estate and the burden cast upon it by the fire must in such case be borne by the landlord and not by the tenant."

The lease in question herein was not terminated by the fire. " The same [the building] shall be repaired as speedily as possible at the expense of the lessor, and in case the damage shall be so extensive as to render the building untenantable the rent shall cease until such time as the building shall be put in complete repair." The lessor reserved the right to repair the premises, and to keep the lease in force unless the repairs were not completed within four months from the date of destruction by fire, in which case the lessee might at its option terminate the lease upon payment of rent up to the time of the damage by fire. The tenant was not free to depart from the untenantable premises or terminate the lease. Obviously it had no right to exclude the landlord from the premises for the purpose of making the repairs. But its failure to remove the debris did not amount to a constructive exclusion of the landlord. The landlord was free to enter to remove the debris and make the repairs. The analogy of the *Fleischman* case seems plain. The tenant is discharged from payment of rent until the building is put in complete repair. During that period, the landlord must accept the burden cast upon him by the fire. If he has to remove debris to make the repairs, that is a part of the burden. If that burden is onerous, he should guard against it by suitable covenants in the lease.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.