REDMANN, Judge.
In this appeal the lessee of a building, rendered unusable by fire not attributed to either lessee or lessor, seeks reversal of a judgment which held him liable to his lessor for the cost of removing the lessee’s equipment and materials damaged in the fire.
We reject the lessor’s theory that the case is governed by the lease provision obliging lessee “at the termination or cancellation of this lease to return the premises broom clean and free of trash, and in like good order as received”. By its terms the lease was “cancelled” by the fire, but to read such a cancellation into the broom-clean clause would reach an absurd result, and is therefore an interpretation prohibited by LSA-C.C. art. 1945. If the lessee in such a case were obliged to return the premises broom clean and trash free, he would also be obliged to return them “in *539 like good order as received.” The broom clean clause can only have been intended to apply to a cancellation other than by destruction of the premises.
Thus we inquire whether, as a matter of law, the lessee evicted by fire under the circumstances here must remove his own fire-damaged property from the leased premises.
The parties offer no Louisiana authority, and we find no clear indication of a legislative intent in our Civil Code and Revised Statutes. We therefore attempt to reason to an equitable result, C.C. art. 21.
In other jurisdictions, debris removal may be considered a part of the lessor’s burden of making repairs, Packard Mtr. Car Co. of N. Y. v. American Balsa Wood Corp., 252 N.Y. 174, 169 N.E. 129 (1929). Or, where the remains of the tenant’s property may be considered as something more important than debris, the lessor might have no right, much less obligation, to remove them, Lincoln Sq. Corp. v. Motor City Paper Tube Co., 339 Mich. 602, 64 N.W.2d 577 (1954).
We do not see any principle as clearly applicable. But, even if we were to adopt the principle that where things of some value might remain and the lessee (and not the lessor) therefore have a right to those things and a right and hence an obligation to remove them, we are satisfied that no lessee can be obliged to remove goods where the condition of the building does not permit their safe removal intact, unless the lessor first sufficiently repairs the building to permit such safe removal.
Here the leased premises were the second, third and fourth floors of a building the lessee used for manufacturing neck-wear. The evidence preponderates that the building was not safe enough for the lessee to remove his goods (including many bolts of woolen materials which had, if removed, some value to him). The lessee testified he did not attempt to salvage because of the unsafe condition of the building. The lessor’s photographer corroborated the testimony as to the unsafeness of the building. Under these circumstances, we believe the lessee had the right to abandon his equipment and goods in the leased premises, unless the lessor agreed immediately to repair them sufficiently to enable safe removal.
Accordingly the judgment appealed from is reversed, and plaintiff’s suit is dismissed at his cost.
Reversed and rendered.