639 So.2d 453 (1994)
BERGEN BRUNSWIG DRUG COMPANY
v.
Daniel P. POULIN, In His Capacity as Trustee of the SLIP Trust.
No. 93 CA 1945.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*454 Charles P. Blanchard, New Orleans, for plaintiff-appellant Bergen Brunswig Drug Co.
Peter J. Butler, Jr., New Orleans, for defendant-appellee Daniel P. Poulin as Trustee of The SLIP Trust.
Before: WATKINS, SHORTESS and FOGG, JJ.
WATKINS, Judge.
The plaintiff/lessee, Bergen Brunswig Drug Company (Bergen), filed a suit for declaratory judgment against its lessor, the SLIP Trust,[1] seeking interpretation of its contract of lease after a fire in an adjacent building damaged the plaintiff's inventory and the leased premises.
The petition alleges the following facts: Bergen leased Suite 190 of a building known as the Baton Rouge Building Center, located at 6565 Exchequer Drive, Baton Rouge, Louisiana, from Gateway Warehousing Center Partnership. The SLIP Trust acquired the leased building by act of sale on March 22, 1988, and all leases affecting the building were assigned to the SLIP Trust as part of the sale. On July 14, 1992, a fire originating in an adjacent building damaged the plaintiff's leased space and its contents therein.
This proceeding was filed on September 14, 1992, seeking declaratory judgment on two disputed issues: (1) whether the damage to the leased premises caused the lease to terminate; (2) which party is responsible for the remediation requirements mandated by governmental authorities for the disposal of the plaintiff's pharmaceutical inventory.[2] The SLIP Trust filed a peremptory exception of no cause of action seeking dismissal of the dispute as an improperly raised action for declaratory judgment.[3] After a hearing, the *455 trial court dismissed the plaintiff's suit with prejudice for the following reasons:
The matter before the court has been styled exception of no cause of action. As mentioned by counsel, the styling is of no consequence. You can call it a motion to dismiss. The purpose behind the exception is to address a question of whether or not a declaratory judgment is the proper procedure in this particular case, one where there was a written lease between parties, lessor and lessee. The question is whether or not the lessor has the responsibility of disposing of damaged property owned by lessee. The lessee had various drugs and other paraphernalia in the leased premises. As a result of a fire, there was damage to these items of merchandise. And because of the nature of the merchandise, you just can't take it out to Devil's Swamp. There is a procedure inasmuch as they constitute drugs and other perhaps hazardous material. The court has looked at the contract and the lease and the rider. As mentioned, the question is under paragraph 9 and 14 of the rider as to whether or not those particular paragraphs provide terminology that would make the lessor responsible to clean up the merchandise owned by the lessee. I don't think that the lease really encompasses what I understand, i.e., that the repairs to the building, repairs to the premises, I don't think that includes hauling off all of these damaged drugs. I do understand that declaratory judgment is appropriate in seeking construction of the contract between lessor and lessee, but I don't think that this particular lease has any provisions in it that needs to be interpreted as to whose responsibility it is to dispose of this damaged merchandise. So I do not think that a declaratory judgment is the proper procedure in this matter because I don't think that the contract provides the remedy or even sets up a remedy as to who has the responsibility. I think the proper procedure would be one in tort. So the court is going to grant the exception of no cause and/or motion to dismiss.
The plaintiff appealed the trial court judgment alleging that the trial court erred in dismissing its suit for failure to state a cause of action and in deciding the merits of a dispute concerning the proper interpretation of a lessor's obligation under a lease on an exception of no cause of action.
The instant suit for declaratory judgment was filed pursuant to LSA-C.C.P. art. 1871-1876, which provide:
LSA-C.C.P. art. 1871:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
LSA-C.C.P. art. 1872:
A person interested under a ... written contract or other writing constituting a contract, ... may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
LSA-C.C.P. art. 1876:
The court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.
The purpose of a declaratory judgment pursuant to these codal provisions is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. Watts v. Aetna Cas. and Sur. Co., 574 So.2d 364 (La.App. 1st Cir.1990). These articles are remedial in nature and must be liberally construed. Stoddard v. City of New *456 Orleans, 246 La. 417, 165 So.2d 9 (1964). A person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation and declaratory judgment will remove that uncertainty or terminate that dispute. State, Etc. v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1st Cir.), writ denied, 478 So.2d 909 (La.1985); Morial v. Guste, 365 So.2d 289 (La.App. 4th Cir.), writ denied, 365 So.2d 1375 (La.1978); Dazet v. French Market Homestead, 533 So.2d 115 (La.App. 4th Cir.1988). When declaratory judgment is thus appropriate, neither the existence of another adequate remedy nor the fact that further relief has been or can be claimed will preclude a court from rendering judgment declaring a petitioner's rights or status. In Re P.V.W., 424 So.2d 1015 (La.1982).
A suit for declaratory judgment is an ordinary, not a summary proceeding. Frierson v. Sheridan, 593 So.2d 655 (La.App. 1st Cir.1991). Accordingly, the procedures for a trial in an ordinary proceeding apply. LSA-C.C.P. art. 1631, et seq.
The function of the peremptory exception of no cause of action is to have plaintiff's action declared legally nonexistent, or barred by effect of law. Bordelon v. Cochrane, 533 So.2d 82 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1255 (La.1989). An exception of no cause of action tests the legal sufficiency of a petition by determining whether the law affords a remedy to the plaintiff for the particular grievance alleged. Id. In deciding an exception of no cause of action, the court accepts the facts alleged in the petition, without reference to any extraneous supporting or controverting evidence, and determines whether the law affords any relief to plaintiff if those facts are proved at trial. Id.
The plaintiff's second amended petition provides in pertinent part as follows:[4]
4.
. . . .
The parties are in dispute as to whether Slip Trust or Bergen is responsible, under the terms of the Lease Agreement and the Rider to the Lease Agreement, for bearing the cost of the reconstruction/repair of the common wall, the repair/reconstruction of the ceiling which was damaged, any structural repair/reconstruction of the building necessitated by the July 14-15, 1992 fire, the remediation and/or disposal of any walls or fixtures in the warehouse, the clean-up, disposal, repair or reconstruction, if necessary, of any part of the warehouse space after the contents are removed. The parties are also in dispute as to which party is responsible, under the terms of the Lease Agreement and the Rider to the Lease Agreement, for bearing the cost of the disposal, removal and/or salvage of the inventory, the office furniture and appliances, the electronic data processing equipment, the vault and cage, the office and warehouse equipment and supplies and metal racking in Suite 190 caused by the July 14-15, 1993 (sic) fire.
. . . .
6.
. . . .
The fire on July 14-15, 1992 was a "casualty" within the meaning of paragraph 9 of the Rider to the Lease Agreement, which clearly provides that Bergen Brunswig is not responsible for the cost of any damage whatsoever caused by any such casualty, whether or not the damage caused by the casualty is covered by Slip Trust's insurance. The position of the Slip Trust to the contrary is a breach of paragraph 9 of the Rider to the Lease Agreement.
The Lease Agreement and Rider to Lease Agreement are attached to the plaintiff's petition and said Rider provides in pertinent part as follows:
8. Landlord's Repairs
Landlord shall, at its sole cost and expense, repair and maintain only the roof, foundation and the structural soundness of the exterior walls, structural flooring *457 of the building, automatic fire sprinkling system, driveway, parking lot, landscape, sidewalks, plumbing and sewage system outside the building in good order and repair. Tenant shall repair and pay for any damages caused by the negligence of Tenant, or Tenant's employees, agents or invitees, or caused by Tenant's default hereunder ... Landlord shall not be liable for damage to Tenant's improvements, inventory and equipment within the Premises, except that Landlord shall be liable to Tenant for damage to Tenant resulting from negligent acts or omissions of Landlord or its authorized representatives....
(Emphasis added.)
9. Tenant Repairs.

Tenant shall not be obligated to repair any damage caused by fire, tornado or other casualty covered by items set forth under the extended coverage provisions of Landlord's fire insurance policy. Notwithstanding any other provisions of this paragraph, Tenant shall not be required to repair any damage caused by earthquake, tornado, flood, volcano eruption, Act of God, faulty installation, design, construction (included (sic), but not limited to construction accompanied or requested by Tenant) and any other casualty whether or not covered by and set forth under the extended coverage provisions of Landlord's fire insurance policy. (Emphasis added.)
. . . .
14. Insurance, Fire and Casualty Damage.

. . . .
14(c). If the building situated upon the premises should be totally destroyed by fire, tornado or other casualty, or if they should be so damaged thereby that rebuilding or repairs cannot in Landlord's estimation be completed within one hundred twenty (120) days after the date upon which Landlord is notified by Tenant of such damage, this Lease shall terminate and the rent shall be abated, effective upon the date of the occurrence of such damage.
14(d). If the buildings situated upon the premises should be damaged by any peril covered by the insurance to be provided by Landlord under Paragraph 11 of the Lease, but only to such extent that rebuilding or repairs can in either party's estimation be completed within one hundred twenty (120) days after the date of such damage, this lease shall not terminate, and Landlord shall at its sole cost and expense thereupon proceed with due diligence to rebuild and repair such buildings to substantially the condition in which they existed prior to such damage, fixtures which may have been placed in, on or about the premises by Tenant.
The plaintiff's petition for declaratory judgment requests interpretation of the lease agreement in order to determine what the obligations of the lessee and lessor are in regard to the removal of damaged property belonging to lessee. In brief to this court the plaintiff cites jurisprudence interpreting similar lease provisions as they relate to a lessor's obligation to remove debris from leased premises after destruction of the leased premises by fire.[5] The plaintiff contends that the jurisprudence supports its claim that a landlord's duty to repair may, in certain circumstances, encompass the duty to remove the damaged contents of the lessee when the leased premises are destroyed by fire. The plaintiff argues that it was never given a chance to present these cases to the trial court, nor present evidence which would support its position.
We believe that the plaintiff's petition requesting interpretation of disputed issues in the contract of lease sets forth a cause of action which is appropriate for declaratory judgment. See Roy v. Gravel, 570 So.2d 1175 (La.App. 3d Cir.1990), writ denied, 573 So.2d 1118 (La.1991). (Plaintiff sued seeking a declaratory judgment that *458 certain written agreements between him and former law partners were partnership agreements and were thus terminable at the will of any partner.) Whether the plaintiff will prevail on the merits is not an appropriate consideration on an exception of no cause of action as fact finding is barred where no evidence is introduced. See Frierson v. Sheridan, 593 So.2d 655 (La.App. 1st Cir. 1991).
We further find that a dismissal of the plaintiff's suit based upon LSA-C.C.P. art. 1876, at this stage of the proceedings, is premature. According to the plaintiff's petition, the interpretation of the lease agreement would terminate the controversy between these two parties and end the uncertainty with regard to the removal of the fire damaged contents of the leased property. Any assertions to the contrary must be proven. The defendant contends that the instant suit for declaratory judgment will not end the controversy between these two parties because the plaintiff has filed another action with regard to the damages it sustained in the fire of July 14, 1992, and that it is a third party defendant in that suit. Because LSA-C.C.P. art. 931 prohibits the introduction of evidence to support or controvert the objection that the petition fails to state a cause of action, we find no merit in this argument. We have no evidence before us to determine the existence or nature of the second suit, or its relation to the issues or parties before us in the instant matter. See Frierson v. Sheridan, 593 So.2d 655 (La.App. 1st Cir.1991).
Accordingly, we find that the trial court erred in maintaining defendant's exception of no cause of action.
For the reasons stated, the judgment of the trial court is reversed. This case is remanded to the trial court for further proceedings consistent with the views expressed herein. Defendant, SLIP Trust, is assessed all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] The petition named Daniel P. Poulin, in his capacity as trustee of the SLIP Trust.
[2] Because of the nature of the plaintiff's inventory, special disposal requirements were mandated by several government agencies.
[3] Defendant originally filed an exception of res judicata and no cause of action on May 7, 1993. On June 8, 1993, Bergen filed its second amended petition for declaratory judgment, deleting paragraphs from the original petition relating to the dispute over whether the lease was terminated because the parties had entered a joint partial consent judgment in federal court terminating the lease effective July 14, 1992. Thus, all that remained at issue was which party was responsible for the remediation according to the lease terms. On June 13, 1992, defendant filed a second peremptory exception of no cause of action alleging that the portion of the previous motion concerning res judicata was moot and reasserting the exception of no cause of action to include the second amending petition within the previous exception.

By judgment dated June 29, 1993, the trial court maintained defendant's exceptions of res judicata and no cause of action. The judgment was amended July 21, 1993, maintaining only defendant's exception of no cause of action. No part of these proceedings relating to the exception of res judicata are before us on appeal.
[4] The plaintiff also alleges in its original petition the existence of the Lease Agreement between the parties and the fact that no act or omission by Bergen caused or contributed to the cause of the fire.
[5] In support of its claim, the plaintiff cites Packard Motor Car Company of New York v. American Balsa Corp., 252 N.Y. 174, 169 N.E. 129 (N.Y.App.1929); Lincoln Square Corporation v. Motor City Paper Tube Company, 339 Mich. 602, 64 N.W.2d 577 (Mich.1954). Compare Bilich v. Green, 238 So.2d 538 (La.App. 4th Cir.1970).