Judgment rendered March 1, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,839-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JOHN DRAYTON                                                Plaintiff-Appellant

versus

LATOYA SHELBON AND CAR                          Defendants-Appellees
SOLUTIONS OF MONROE, INC.

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 49,620

Honorable Thomas Wynn Rogers, Judge

* * * * *

LAW OFFICE OF ALLEN COOPER, L.L.C.        Counsel for Appellant
By: J. Allen Cooper, Jr.
  Pamela King Newlen

THE DILL FIRM, A.P.L.C.                              Counsel for Appellee,
By: James M. Dill                                          Car Solutions of Monroe,
  Richard R. Montgomery                    Inc.

* * * * *

Before PITMAN, COX, and STEPHENS, JJ.

**STEPHENS, J.**

The issue in this appeal is whether the trial court erred in granting the peremptory exception of no cause of action filed by defendant Car Solutions of Monroe, Inc. ("Car Solutions"). For the reasons set forth below, we reverse and remand.

## FACTS/PROCEDURAL BACKGROUND

On December 1, 2019, plaintiff John Drayton was involved in an automobile accident with defendant LaToya Shelbon on La. Highway 15 in Union Parish, Louisiana. The vehicle being driven by Ms. Shelbon drove off the road, collided with the guardrail, and then struck the vehicle being driven by Drayton. He filed the instant personal injury action on November 23, 2020, seeking damages from Ms. Shelbon and Car Solutions. In his petition, Drayton alleged that Ms. Shelbon had a "rental purchase agreement" with Car Solutions on the vehicle she was driving at the time of the accident, and that Car Solutions had an active license with the Louisiana Used Motor Vehicle Commission as a "Rent with Option to Purchase Dealer."

Car Solutions filed a peremptory exception of no right of action and/or no cause of action on December 29, 2020. Drayton filed a motion for leave to file an amended petition on August 6, 2021, and an opposition to Car Solutions' exception on August 11, 2021. The trial court's order granting plaintiff leave to file the amended petition was signed on September 13, 2021, and the amended petition was filed into the record that same date. September 13, 2021, was also the date that a hearing on the exception of no cause of action filed by Car Solutions was held. At the conclusion of the hearing, the trial court granted the exception of no cause of action and

dismissed *with prejudice* Drayton's claims against Car Solutions, based upon its determination that Ms. Shelbon was the owner of the vehicle she was driving at the time of the accident with Drayton, and that only Ms. Shelbon, not Car Solutions, had to provide automobile liability insurance on the automobile. It is from this judgment that Drayton has appealed.

## DISCUSSION

After an answer has been filed, the authorization of the filing of an amending petition is within the discretion of the trial judge or by written consent of the parties. La. C.C.P. arts. 1151, 1155; *Aymond v. Citizens Progressive Bank*, 52,623, p. 12 (La. App. 2 Cir. 6/26/19), 277 So. 3d 477, 487, *writ denied*, 19-1200 (La.10/15/19), 280 So. 3d 602; *Bilyeu v. National Union Fire Ins. Co. of Pittsburgh, PA*, 50,049 (La. App. 2 Cir. 9/30/15), 184 So. 3d 69, *writ denied*, 15-2277 (La. 2/19/16), 187 So. 3d 462.

No answer has been filed in this case, so Drayton did not need leave of court to file his amending petition. *See*, *Newman v. Hoffoss and Devall, LLC*, 21-24, p. 11 (La. App. 3 Cir. 6/9/21), 322 So. 3d 877, 884. Nonetheless, he did seek such leave, and it was granted by the trial court, albeit on the day of the hearing of the exceptions of no cause and no right of action. The trial court did not give either party (especially Car Solutions) adequate time to prepare for the hearing in light of the amended petition, and the allegations raised therein were not properly before the trial court.[1] It was error for the trial court to grant the exception filed by Car Solutions without

---

[1] In *Wallace v. Hanover Ins. Co.*, 164 So. 2d 111, 120 (La. App. 1 Cir. 1964), the First Circuit, citing the 1845 Louisiana Supreme Court case of *United States v. United States Bank*, 11 Rob. 418, observed, "[I]t can be categorically stated that a trial judge abuses his discretion granted under Article 1151 when he allows an amendment which raises a new issue or defense at such a time as not to afford the other party adequate time to prepare his case to meet the new issue or defense."

2

properly considering the allegations raised by Drayton in his amended petition.

An exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. *Kendrick v. Estate of Barre*, 21-00993, p. 3 (La. 3/25/22), 339 So 3d 615, 617; *Industrial Cos., Inc. v. Durbin*, 02-0665, p. 6 (La.1/28/03), 837 So. 2d 1207, 1213. The exception is triable on the face of the petition, and each well-pleaded fact in the petition must be accepted as true. *Id.* Appellate review is *de novo*. Because the exception raises a question of law based solely on the sufficiency of the petition, an exception of no cause of action should be granted only when it appears the plaintiff cannot prove any set of facts which would entitle him to relief. *Industrial Cos., Inc.*, *supra*; *Barrie v. V.P. Exterminators, Inc.*, 625 So. 2d 1007, 1018 (La. 1993).

Whether the plaintiff can successfully prove that the defendant is liable under the applicable laws in this case is a matter of proof that goes to the merits of the plaintiff's claims. *State ex rel. Tureau v. BEPCO, L.P.*, 21-0856, p. 19 (La. 10/21/22), 351 So. 3d 297, 311. The merits of a claim are to be determined after findings of fact, upon a motion for summary judgment, or a trial on the merits, and the plaintiff's ability to prevail on the merits or whether the defendant has a valid defense are not appropriate considerations on an exception of no cause of action. *Id.*; *Madisonville State Bank v. Glick*, 05-1372 (La. App. 3 Cir. 5/3/06), 930 So. 2d 263; *Bergen Brunswig Drug Co. v. Poulin*, 93-1945 (La. App. 1 Cir. 6/24/94), 639 So. 2d 453.

In light of the above, we do not reach the parties' arguments as set forth in their appellate briefs. We are constrained to reverse the trial court's

3

judgment and remand this case for further proceedings consistent with this opinion.

## CONCLUSION

For the reasons set forth above, the judgment of the trial court granting the peremptory exception of no cause of action filed by the defendant, Car Solutions, is reversed, and this matter is remanded. Costs are assessed equally to the plaintiff, John Drayton, and the defendant, Car Solutions.

**REVERSED AND REMANDED.**