STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0486

TERREBONNE PARISH CONSOLIDATED GOVERNMENT

VERSUS

LOUISIANA DEPARTMENT OF NATURAL RESOURCES AND
SECRETARY THOMAS HARRIS, JOSEPH L. WAITZ, DISTRICT
ATTORNEY TERREBONNE PARISH 32ND JDC

**Judgment Rendered:** **DEC 3 0 2021**

* * * * * *

Appealed from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Suit Number 185576

Honorable Randall L. Bethancourt, Presiding

* * * * * *

| | |
|---|---|
| Julius P. Hebert, Jr.<br>Brian J. Marceaux<br>Christian St. Martin<br>Houma, LA<br>and<br>Patrick H. Yancey<br>Houma, LA | Counsel for Plaintiff/Appellant<br>Terrebonne Parish Consolidated<br>Government |
| Christopher H. Riviere<br>William N. Abel<br>Todd M. Magee<br>Thibodaux, LA | Counsel for Defendant/Appellee<br>Joseph L. Waitz, District Attorney |
| J. Blake Canfield<br>Donald W. Price<br>Baton Rouge, LA<br>and<br>Megan K. Terrell<br>Baton Rouge, LA | Counsel for Defendants/Appellees<br>Louisiana Department of Natural<br>Resources and Thomas Harris |
| Patrick S. Ottinger<br>David K. McCrory | Amicus Curiae |

William H. L. Kaufman
Lafayette, La

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**GUIDRY, J.**

In this declaratory judgment action, plaintiff, Terrebonne Parish Consolidated Government (TPCG), appeals from a trial court judgment sustaining exceptions raising the objection of no cause of action filed by defendants, Louisiana Department of Natural Resources (DNR) and its Secretary, Thomas F. Harris, and Joseph L. Waitz, Jr., District Attorney for the Thirty-Second Judicial District, Terrebonne Parish, and dismissing TPCG's action against them with prejudice. For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On January 28, 2019, Harris wrote a letter to Waitz appointing Waitz as his special designee to conduct an investigation pursuant to La. R.S. 49:214.26(B)(2). (R. 39) Waitz was appointed for the limited purpose of investigating potential violations of the Louisiana State and Local Coastal Resources Management Act of 1978, La. R.S. 49:214.21 et seq. (SLCRMA) by oil and gas exploration and production companies in Terrebonne Parish and evaluating what damages have arisen related to those violations. Waitz subsequently entered into a legal services contract with two private law firms to conduct an investigation for the purposes of determining whether any persons or legal entities have violated any of the provisions of La. R.S. 49:214.21 et seq. as applied to uses or activities in the coastal zone of Terrebonne Parish and to make recommendations to Waitz as to the appropriate legal action or actions to be taken in order to pursue claims, including but not limited to claims for land loss, environmental damage, restoration costs, injunctive relief, and other claims pursuant to La. R.S. 49:214.21 et seq. (R. 16, 41)

Thereafter, TPCG filed a petition for declaratory judgment and ancillary injunctive relief, naming as defendants DNR, Harris and Waitz and attaching copies of the letter and contract. (R. 5) TPCG alleged that Harris may authorize his designee to conduct investigations and/or make recommendations for appropriate

3

enforcement measures and measures to obtain civil relief as provided by La. R.S. 49:214.36(D). However, TPCG alleged that Harris is only authorized to have as his designee his deputy secretary or assistant secretary, and that there is no authority from the legislature to appoint Waitz as a "special designee" for investigations and recommendations under La. R.S. 49:214.26(B)(2) and (5). TPCG further alleged that Harris has essentially retained Waitz as special counsel to investigate possible violations of SLCRMA for civil enforcement claims, but according to the Louisiana Constitution, Waitz is limited to his duties as a criminal prosecutor and as otherwise specifically provided by state law, and the coastal zone statutes were never intended nor do they authorize Harris to retain Waitz to represent DNR for civil enforcement remedies. Accordingly, TPCG asserted that the letter constitutes a contract, which is in violation of the separation of powers doctrine because Waitz, a quasi-judicial officer under the judicial branch of government, cannot represent DNR, a department under the executive branch of government. Furthermore, TPCG asserted that this contract, and resulting contract between Waitz and the two private law firms, creates a legal monetary obligation on TPCG without the approval of TPCG by ordinance or by an appropriation of the legislature in violation of La. Const. Art. VI § 14A.

Additionally, TPCG asserted that Waitz is not an "appropriate district attorney" for civil remedies in the enforcement or investigation of possible SLCRMA violations under La. R.S. 49:214.36(A), (D), and (E). TPCG asserted that as a home rule charter form of government, the appropriate attorney for civil enforcement is the parish attorney. As such, TPCG requested that the trial court declare: Waitz is not an appropriate designee to act on behalf of DNR; the legal and constitutional right to represent the State and its departments for civil matters is the attorney general; Harris has no right to contract with Waitz as outside special counsel for DNR and therefore, the letter contract is an absolute nullity; the parish attorney

4

for TPCG has the authority to represent TPCG for any civil claims arising under SLCRMA; and Waitz is not an appropriate district attorney under La. R.S. 49:214.36(D) to handle any civil matters for DNR in Terrebonne Parish. (R. 36)

Thereafter, Waitz, in his official capacity as district attorney for Terrebonne Parish, and DNR and Harris each filed peremptory exceptions raising the objection of no cause of action. (R. 50, 70) They alleged, pursuant to La. R.S. 49:214.36(D), Waitz is authorized to bring enforcement actions for coastal permit violations; however, Waitz was merely appointed pursuant to La. R.S. 49:214.26 as designee to investigate and report on potential violations. They alleged that the mere appointment of Waitz did not usurp any authority from TPCG and his appointment was not a contract that can be invalided by TPCG. Accordingly, they asserted that TPCG does not have a cause of action against DNR or Waitz to interfere with Harris's designation of Waitz, because the designation is explicitly authorized by statute and is completely consistent with the state's constitutional obligation to protect the environment and the authority conferred by the constitution. (R. 73)

The trial court held a hearing on the exceptions on November 18, 2020. (R. 636) Thereafter, the trial court signed a judgment sustaining Waitz and DNR and Harris's exceptions and dismissing TPCG's petition for declaratory judgment and ancillary injunctive relief with prejudice. (R. 614) In written reasons for judgment, the trial court noted it had considered the argument of counsel, exhibits admitted into evidence[1], and law and found that TPCG did not have a valid legal argument against the appointment of Waitz by Harris under SLCRMA. (R. 610) The trial court found Harris acted within the explicit authority granted by La. R.S. 49:214.26(B)(2) and appointed Waitz as his designee to investigate and report on possible SLCRMA violations and related damages arising in Terrebonne Parish. Further, the trial court

---

[1] We note that the record does not indicate that evidence was admitted at the hearing on the exceptions.

5

found SLCRMA's empowerment of district attorneys for enforcement is consistent with La. Const. Art. 5 §26 and is consistent with the constitutional duty of the legislature and state government to protect natural resources of the state for the welfare of its citizens. (R. 610) Accordingly, the trial court found that SLCRMA and Harris's designation of Waitz are consistent with Louisiana state government's duty and nothing in the designation violates any applicable constitutional or statutory provision. (R. 611) Therefore, the trial court found that TPCG lacked a cause of action to interfere with the designation.

TPCG now appeals from the trial court's judgment.

## DISCUSSION

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. Scheffler v. Adams and Reese, LLP, 06-1774, p. 4 (La. 2/22/07), 950 So. 2d 641, 646. The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Scheffler, 06-1774 at p. 4, 950 So. 2d at 646. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art 931. The exception is triable on the face of the petition and any attached documents, and, for purposes of resolving the issues raised by the exception, the well-pled facts in the petition must be accepted as true. See Misita v. St. Tammany Parish Government, 18-1595, p. 6 (La. App. 1st Cir. 9/11/19), 286 So. 3d 440, 443-444, writ denied, 19-01877 (La. 1/28/20), 291 So. 3d 1060. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Scheffler, 06-1774 at p. 5, 950 So. 2d at 646. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Scheffler, 06-1774 at p. 5, 950 So. 2d at 646-47.

6

Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on an exception of no cause of action is *de novo*. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. Scheffler, 06-1774 at p. 5, 950 So. 2d at 646-47.

Louisiana Code of Civil Procedure article 1871 provides for the scope of declaratory judgments, stating that "[c]ourts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed." A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. La. C.C. P. art. 1872.

The purpose of the declaratory judgment articles of the Louisiana Code of Civil Procedure is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered. La. C.C.P. art. 1881; Goodwin v. City of Mandeville, 18-1118, p. 7 (La. App. 1st Cir. 5/31/19), 277 So. 3d 822, 828, writ denied, 19-01083 (La. 10/8/19), 319 So. 3d 856. A person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation, and the declaratory judgment will remove the uncertainty or terminate the dispute. Goodwin, 18-1118 at pp. 7-8, 277 So. 3d at 828. Moreover, there must exist a concrete, justiciable controversy framing the facts in order to avoid the rendering of an advisory opinion. Goodwin, 18-1118 at p. 8, 277 So. 3d at 828.

7

In the context of a petition for declaratory judgment, a "justiciable controversy" connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute that involves the legal relations of parties with real adverse interests, upon which the judgment of the court may effectively operate through a decree or conclusive character. Goodwin, 18-1118 at pp. 8-9, 277 So. 3d at 828.

TPCG's petition for declaratory judgment requested that the trial court interpret the laws and constitution of Louisiana, particularly La. R.S. 49:214.26 and 49:214.36, to determine who is authorized to investigate and civilly enforce violations of SLCRMA in the instant case. Louisiana Revised Statute 49:214.26 provides, in pertinent part:

> A. (1) A coastal management program is hereby established within the Department of Natural Resources. The secretary or his designee shall administer the coastal management program.
>
> (2) The secretary is authorized to employ such additional staffing as may be necessary to carry out the coastal management program.
>
> B. The secretary may authorize his designee to administer the program and/or:
>
> (1) Receive, evaluate, and make recommendations to the secretary concerning applications for coastal uses permits.
>
> (2) Conduct or cause to be conducted investigations, studies, planning, and research.
>
> (3) Systematically monitor and conduct surveillance of permitted uses to ensure that conditions of coastal use permits are satisfied.
>
> (4) Coordinate closely with the secretary and local, state, regional, and federal agencies with respect to coastal management.
>
> (5) Make recommendations to the secretary relative to appropriate enforcement measures for violations of this Subpart and measures to obtain civil relief, as provided by R.S. 49:214.36(D).
>
> (6) Provide advice and technical assistance to the secretary and local governments.
>
> (7) Conduct such activities or make such decisions as may be delegated or authorized by the secretary.

8

Louisiana Revised Statute 49:214.36, providing for enforcement of the management program, further provides, in pertinent part:

> D. The secretary, the attorney general, an appropriate district attorney, or a local government with an approved program may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit.

From our review of the facts as pled in TPCG's petition, and accepting those facts as true for purposes of the exception raising the objection of no cause of action, we find that TPCG has set forth a cause of action for declaratory judgment, requesting that the court interpret the above statutory provisions, in conjunction with other statutory laws, the Louisiana Constitution, and TPCG ordinances, to determine who is authorized to investigate and civilly enforce violations of SLCRMA in the instant case.[2]

## CONCLUSION

For the foregoing reasons, we reverse the February 11, 2021 judgment of the trial court and remand this matter for further proceedings consistent with this opinion. All costs of this appeal, in the amount of $4,128.00, are assessed one-half to the Louisiana Department of Natural Resources and Secretary Thomas Harris and one-half to Joseph Waitz, Jr., District Attorney for Thirty-Second Judicial District Terrebonne Parish.

**REVERSED AND REMANDED.**

---

[2] We note that the trial court, in rendering its judgment, apparently addressed the merits of TPCG's declaratory judgment action. However, whether a plaintiff will prevail on the merits is not an appropriate consideration on an exception raising the objection of no cause of action. Bergen Brunswig Drug Company v. Poulin, 93-1945 (La. App. 1st Cir. 6/24/94), 639 So. 2d 453, 458.

9